IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOHN DAVID SHIREY                                                                                          PLAINTIFF

v.                                    Civil No. 1:17-cv-1028

DEPUTY COLTON OLIVER,
Union County Sheriff's Department;
And SHERIFF RICKY ROBERTS,
Union County, Arkansas                                                                                 DEFENDANTS


JOHN DAVID SHIREY                                                                                          PLAINTIFF

v.                                    Civil No. 1:17-cv-1032

OFFICER JONTHAN MESSER,
Head Drug Task Force Officer;
LIEUTENANT PENDLETON,
NURSE SHERIE RICE, OFFICER
AUSTIN McCUSTION; PAUL
MULLINIX; and BILL HICKMAN                                                                     DEFENDANTS

## **ORDER**

Before the Court is Plaintiff John David Shirey's failure to keep the Court informed of his current address. On April 26, 2017, Plaintiff filed this 42 U.S.C. § 1983 action *pro se*. (ECF No. 1). On May 12, 2017, Plaintiff filed Civil No. 1:17-cv-1032. These cases were consolidated on July 19, 2017, with Civil No: 1:17-cv-1028 designated as the lead case. (ECF No. 22). Plaintiff filed a Supplemental Complaint on November 7, 2017. (ECF No. 39).

On January 22, 2018, Defendants filed a Motion for Summary Judgment. (ECF No. 49). The next day, the Court entered an order directing Plaintiff to file a response to Defendants' motion on or before February 13, 2018. (ECF No. 52). On February 12, 2018, this order was returned to the Court as undeliverable. Plaintiff's last communication with the Court was on November 7, 2017, when he

filed a Supplemental Complaint. (ECF No. 39). Plaintiff was advised early on that failure to notify the Court of his current address would subject this case to dismissal. (ECF No. 3).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in relevant part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to keep the Court informed of his current address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that Plaintiff's consolidated cases should be dismissed. Accordingly, Plaintiff's consolidated cases, Civil No. 1:17-cv-1032 and Civil No. 1:17-cv-1032, are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 23rd day of March, 2018.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge